IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROYAL MILE COMPANY, INC., COLE'S WEXFORD HOTEL, INC., and PAMELA LANG, on their own behalf and on behalf of all others similarly situated, ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 2:10-CV-01609-JFC |
| Plaintiffs, | |
| v. | |
| UPMC and HIGHMARK, INC., | |
| Defendants. | |

**MOTION TO WITHDRAW MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, PRELIMINARY CERTIFICATION OF THE CLASS, AND APPROVAL OF NOTICE TO THE CLASS**

Plaintiff class representatives, Royal Mile Company, Inc., Cole's Wexford Hotel, Inc., LLC, and Pamela Lang, on their own behalf and on behalf of all members of the Plaintiff class (collectively, "Plaintiffs"), file this motion to withdraw Plaintiffs' Motion for Preliminary Approval of Settlement, Preliminary Certification of the Class, and Approval of Notice to the Class.  Recently disclosed information demonstrates that the value attributed to the proposed settlement was illusory because of Defendant Highmark Inc.'s ("Highmark") *undisclosed* prior agreements with, and commitments to, UPMC and government bodies.  In addition, Highmark has continually refused to cooperate with Plaintiffs, in direct contravention of its duties under the proposed settlement.  Accordingly, as stewards of the Class, Plaintiffs respectfully request that this Court allow Plaintiffs to withdraw their Motion for Preliminary Approval of Settlement, Preliminary Certification of the Class, and Approval of Notice to the Class.

1. On August 16, 2012 Plaintiffs and Highmark entered into a Settlement Agreement ("Agreement") that would, if approved, settle all clams by Plaintiffs and the Class against Highmark in exchange for injunctive relief, valuable consideration, and the promise of future cooperation by Highmark against the remaining defendant, UPMC.

2. Paragraph 31(c) of the Agreement stipulates that "[f]rom the date of entry of the Final Judgment through December 31, 2014, Highmark will not enter into any contract(s) with any provider of healthcare services that precludes Highmark, during the time specified in this subparagraph 31, from selling healthcare insurance products that contain incentives to induce or encourage consumers to use lower cost health care providers. This representation does not apply to any such provision existing in any contract to which Highmark or any of the Released Parties are a party as of the Effective Date of this Settlement Agreement." Agreement, paragraph 31(c).

3. On October 4, 2012, Plaintiffs filed a Motion for Preliminary Approval of Settlement, Preliminary Certification of the Class, and Approval of Notice to the Class (the "Motion"), pursuant to Rule 23 of the Federal Rules of Civil Procedure, seeking this Court's approval of the conditions and terms of the settlement and an award of fees and expenses for Plaintiffs' counsel.

4. On November 26, 2012, this Court held a hearing regarding Plaintiffs' Motion for Preliminary Approval and subsequently ordered supplemental briefing regarding the value of the settlement to the Plaintiff class.

5. On January 4, 2013, Plaintiffs filed a Supplemental Brief in support of their Motion detailing the benefits that were expected to flow to the Plaintiff Class under the terms and conditions of the Agreement. For the purposes of preliminary approval,

and subject to further analysis regarding the value of other provisions, Plaintiffs quantified the value of Highmark's obligations under paragraph 31(c) of the Agreement. As represented to this Court, to comply with paragraph 31(c), Highmark had agreed to "reintroduce their lower-cost 'Community Blue' insurance product to the marketplace," which Highmark's actuary determined would result in a total savings of $30,000,000 to Highmark and, in turn, at least $27,000,000 in benefit to the Class.

6. In executing the Agreement, at Plaintiffs' insistence, Highmark warranted that all obligations contained in the Agreement were "***new undertakings and not otherwise binding upon it as pre-existing obligations.***" Settlement Agreement at ¶ 31 (emphasis added).

7. In opposing Plaintiffs' proposed settlement with Highmark at the eleventh hour, co-Defendant UPMC claimed, and supported with newly-discosed documents filed under seal, that the claimed value of the Agreement was illusory because Highmark was already bound to reintroduce the Community Blue insurance product prior to the execution of the Agreement, contrary to Highmark's express warranty to the contrary.

8. Having reviewed UPMC's documentation supporting its claim (in particular sealed Exhibits C & D), it is clear that Highmark's covenant to reintroduce the Community Blue product was not a "new undertaking" and was, instead a "pre-existing obligation," in direct contravention of the terms and conditions of the Agreement.

9. As a result of Highmark's misrepresentations in the negotiation of the Agreement, Plaintiffs' representations to this Court regarding the monetary value of Highmark's settlement undertakings is not new value to the Class. Rather, the reintroduction of the Community Blue product confers *zero* benefit to the Class as that

obligation was undertaken by Highmark independent of any obligation undertaken to settle Plaintiffs' claims in this litigation.

10. In addition to misrepresenting its prior obligation to reintroduce the Community Blue insurance product, Highmark has failed to fulfill its obligations to cooperate with Plaintiffs. *See* Agreement, paragraphs 33-41.

11. Because (1) Highmark's misrepresentations and breach of its warranty in the Agreement effectively void the benefit of the Agreement to the Class and; (2) Highmark's failure to comply with its other obligations under the Agreement, Plaintiffs and undersigned counsel can no longer support the proposed settlement as fiduciaries for the Class.

Accordingly, for the reasons set forth herein, Plaintiffs Royal Mile Company, Inc., Cole's Wexford Hotel, Inc., and Pamela Lang, on their own behalf and on behalf of all members of the Plaintiff class, respectfully request that this Court permit Plaintiffs to withdraw their Motion for Preliminary Approval of Settlement, Preliminary Certification of the Class, and Approval of Notice To the Class.

DEL SOLE CAVANAUGH STROYD LLC

/s/ Benjamin J. Sweet
Arthur H. Stroyd, Jr., Esquire
Pa. I.D. No. 15910
Stephen J. Del Sole, Esquire
Pa. I.D. No. 73460
Benjamin J. Sweet, Esquire
Pa. I.D. No. 87338
200 First Avenue, Suite 300
Pittsburgh, PA  15222
Tel:    412-261-2393

/s/ Scott M. Hare
Scott M. Hare, Esquire
Pa. I.D. No. 63818
The Frick Building, Suite 1806
437 Grant Street
Pittsburgh, PA  15219
Tel:     412-338-8632


/s/ Andrew M. Stone
Andrew M. Stone, Esquire
Pa. I.D. No. 35176
Stone Law Firm, LLC
The Frick Building ,Suite 1806
437 Grant Street
Pittsburgh, PA  15219
Tel:     412-391-2005

*Counsel for Plaintiffs*

Date:   January 18, 2013