UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROYAL MILE COMPANY, INC<br>PAMELA LANG and COLE'S WEXFORD<br>HOTEL, INC., on their own behalf and on<br>behalf of all others similarly situated,<br><br>              Plaintiffs,<br><br>v.<br><br>UPMC and HIGHMARK INC.,<br><br>              Defendants. | Case No. 2:10-cv-01609-JFC<br><br>Judge Joy Flowers Conti<br><br>*Electronically Filed* |

**SPECIAL MASTER CASE MANAGEMENT ORDER
ON AMENDED PROTOCOLS FOR CLASS FACT DEPOSITIONS**

Pursuant to paragraph 10 of the Discovery Plan CMO (2:09-cv-480, Doc. No. 267; 2:10-cv-1609, Doc. No. 93, and 2:12-cv-692, Doc. No. 85), which instructs that "[t]he parties will meet and confer on a process for identifying deponents and scheduling depositions by October 31, 2012," the Parties agreed to the processes and procedures for identifying class fact deponents indicated in Case Management Order On Protocols For Depositions And Requests For Admission ("Deposition CMO") (2:09-cv-480, Doc. No. 276; 2:10-cv-1609, Doc. No. 118; 2:12-cv-692, Doc. No. 103).  The Deposition CMO states that "[i]n the event that the class or merits document production schedules are delayed or extended, the parties shall meet and confer or otherwise raise the issue with the Special Master to determine appropriate extensions" to the deposition schedule.  *See* Deposition CMO at ¶ 16.  UPMC and Highmark's Unopposed Joint Motion To Modify Case Management Order Addressing Electronically Stored Information And Related Case Management Order, (2:10-cv-1609, Doc. No. 128), requested extensions to the deadlines for class production and the close of class fact discovery.  In light of those extensions, the parties met and conferred, and the following amendments to the processes and procedures for identifying class fact deponents in the Royal Mile case (2:10-cv-1609) are approved:

1. The schedule for identifying proposed class deponents shall be extended to coincide with the schedule for identifying proposed merits deponents set forth in the Deposition CMO. Accordingly, on March 1, 2013, the Parties will exchange lists identifying their proposed class deponents. The list of proposed class deponents shall include only those deponents that a party believes in good faith are necessary for issues related to class certification. The list shall also identify those class deponents that the party would also like to question about merits issues in any of the three related cases.

2. Within fourteen (14) days of the exchange of lists of proposed class deponents, the Parties shall meet and confer in good faith and attempt to resolve any objections to the proposed lists of class deponents. Among other things, the parties shall attempt to reach an agreement on whether a class witness may be deposed on merits and class issues at the same time.

3. Within seven (7) days following the meet-and-confer session, any remaining objections will be submitted to the Special Master.

4. Within fourteen (14) days following submission of the Parties' remaining objections, the Special Master will resolve those objections, and the Special Master will approve a final list of class deponents.

5. Within fourteen (14) days following resolution of the Parties' remaining objections and the approval of a final list of class deponents, the Parties shall meet and confer in good faith and attempt to schedule specific dates for class depositions. All class depositions will be completed by the close of class fact discovery, which the parties have jointly asked the Court to set for September 27, 2013.

6. To take any class depositions earlier than or outside the schedule set forth above or to amend the final list of class deponents, the Parties shall seek leave from the Special Master.

7. The deadlines and procedures in the Deposition CMO for identifying potential merits deponents remain unchanged.

3

8. The timeframes set forth above are based on the current anticipated class and merits document production schedules set forth in the Case Management Orders Addressing Electronically Stored Information entered at Doc. No. 246 (09-cv-480), Doc. No. 85 (10-cv-1609), and Doc. No. 77 (12-cv-692) and the proposed schedule set forth in UPMC and Highmark's Unopposed Joint Motion To Modify Case Management Order Addressing Electronically Stored Information And Related Case Management Order extended the deadlines for class production and the close of discovery. (2:10-cv-1609, Doc. No. 128). In the event that the class or merits document production schedules are further delayed or extended, the parties shall meet and confer or otherwise raise the issue with the Special Master to determine appropriate extensions, if any, of the deadlines set forth in above.

Dated: January 22, 2013        /s/
                               Hon. Richard A. Levie (Ret.).
                               Special Master