IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROYAL MILE COMPANY, INC., PAMELA LANG and COLE'S WEXFORD HOTEL, INC., on their own behalf and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>UPMC and HIGHMARK INC.,<br><br>　　　　　　Defendants. | Case No. 2:10-cv-01609-JFC<br><br>Judge Joy Flowers Conti |

**PLAINTIFF AND DEFENDANT UPMC'S JOINT EXPEDITED MOTION
FOR A NINETY-DAY STAY AND EXTENSION OF CASE DEADLINES**

On January 28, 2016, pursuant to the Court's Order and Policies and Procedures for ADR, the parties participated in mediation. There, with the assistance of JAMS mediator David Geronemus, Plaintiff Cole's Wexford Hotel, Inc. ("Cole's Wexford") and Defendant UPMC reached a class-wide settlement agreement to resolve all claims against UPMC. Cole's Wexford and UPMC executed a binding term sheet at the mediation and are now working in good faith toward a full settlement agreement. Cole's Wexford and UPMC are in the process of preparing the appropriate papers for filing with the Court to obtain this Court's approval of the settlement. But under the current case schedule, expedited discovery (which is intended to obtain information necessary for class certification proceedings) begins on February 11, 2016, and Plaintiff and UPMC will have to pursue discovery against each other and Highmark while simultaneously seeking approval of a settlement resolving the claims to which much of the discovery will be directed.

To avoid the unnecessary expenditure of resources by class counsel and UPMC, as well as the Court and Special Master, Cole's Wexford and UPMC seek a ninety-day stay and extension of all case deadlines to allow Plaintiff and UPMC to pursue approval of the settlement. Cole's Wexford and UPMC also ask for expedited resolution of this motion, as explained in more detail in paragraph 20 below, so that the parties can have clarity regarding their meet and confer and other obligations in advance of the February 11, 2016 start date for Phase I discovery.

### I.    Relevant Background and Procedural History

1.      Multiple motions to dismiss have defined the scope of this putative class action, which was first filed on December 2, 2010 (DE 1). The current named Plaintiff, Cole's Wexford, joined the case on or about August 12, 2012 (DE 74).

2.      On August 21, 2014, the Court denied in part and granted in part Plaintiff's motion to file a Third Amended Complaint. The Court denied Plaintiff's request to pursue claims based on a class of all Highmark subscribers from 2002 to the present, but granted Plaintiff leave to amend the pleadings to assert claims on behalf of small group subscribers who were switched from Highmark to a for-profit subsidiary of Highmark Inc., Highmark Health Insurance Co. ("HHIC"), between July 1, 2010, and March 21, 2012 (DE 284).

3.      Pursuant to the Court's August 21, 2014 Order, Plaintiff filed its Third Amended Complaint on October 1, 2014 (DE 286), and both UPMC and Highmark again moved to dismiss. On September 1, 2015, the Court granted in part and denied in part UPMC's motion to dismiss that Third Amended Complaint (DE 301).

4.      In relevant part, the Court held that "Cole's Wexford's claims … against UPMC and Highmark based upon the alleged UPMC-Highmark conspiracy will survive the motions to dismiss filed by UPMC.… Cole's Wexford's claims … against UPMC that are not based upon UPMC's concerted action with Highmark will be dismissed with prejudice" (*id.* at 61).

5.     Accordingly, as to UPMC, the only claims allowed to proceed past the pleading stage allege a conspiracy between UPMC and Highmark in violation of Sections 1 and 2 of the Sherman Act, and are brought on behalf of small-group subscribers who paid premiums to HHIC (or similar for-profit subsidiary of Highmark) between 2010 and 2012.

## II.     Class Discovery Is Set To Open On February 11 Under An Expedited Schedule

6.     On November 10, 2015, after a Rule 16 conference with all parties, the Court stayed all discovery until February 11, 2016, allowing the parties an opportunity to mediate the claims that survived the motions to dismiss (11/10/15 Minute Entry).  The Court thus recognized that the settlement process would benefit from a stay of discovery to allow the parties to concentrate on a potential resolution of the matter.

7.     The Court also addressed how the case would proceed to discovery after the stay ended.  The Court held that discovery should proceed generally in two phases, with Phase I focused on class certification and Phase II focused on the merits of Plaintiff's claims, although the Court recognized that there may be some overlap between class and merits discovery in Phase I.  With respect to Phase I discovery, the Court scheduled all discovery to begin on February 11 and conclude within an expedited four-month period (by June 10, 2016) (DE 316 at ¶ 3(B)).  The Court also ordered the parties to both meet and confer and participate in an in-person discovery planning conference with Special Master Levie during the mediation stay (*id*. at 23:34 - 24:19).

8.     That discovery conference with Special Master Levie went forward on December 9, 2016, and with Special Master Levie's approval, the parties submitted a proposed discovery scope and scheduling order to the Court for its consideration (DE 322).  On December 21, 2015, the Court adopted that proposed order.

9.      Accordingly, under the current schedule, the parties must meet and confer on Phase I discovery no later than February 11 and serve initial written discovery requests on class issues by February 22 (DE 323 at ¶¶ 1-3).  Each side may serve up to twelve interrogatories, twenty-five document requests, and twenty-five requests for admission (*id*. at ¶¶ 2, 9).  Each party may also notice up to ten depositions (*id*. at ¶ 8).

10.     Discovery during this shortened timeframe is expected to be substantial, intense, and time-consuming.  Disputes about the scope of discovery have already arisen and may well require involvement of Special Master Levie and the Court.  *See* Ex. 1.  Special Master Levie, in fact, explained to the parties on December 9 that he expects to hold regular conferences with the parties during the Phase I discovery period.

11.     UPMC, for example, anticipates that class discovery will include not only substantial discovery from Highmark regarding HHIC subscribers, policies, premium payments, premium calculations, and other topics, but also discovery from putative class members regarding health and other risk factors influencing their premium prices and details regarding individual small groups' payment and pass through of premium costs.  Discovery from third party brokers regarding the health insurance sales and premium setting process is also relevant.

12.     Class certification briefing follows immediately after Phase I discovery, with opening briefs and expert reports due on July 11, 2016 (*id*).  The Court set the class certification hearing for October 21, 2016 (*id*).

### III.    Plaintiff And UPMC Reach Agreement To Settle The Claims Against UPMC

13.     The parties held a mediation on January 28, 2016, with JAMS mediator David Geronemus.  At the mediation, UPMC and Cole's Wexford reached agreement and executed a binding term sheet setting forth terms for the complete resolution of all claims in this action against UPMC.  The term sheet provides, among other things, that UPMC will pay $12,500,000

plus reasonable costs of administering the settlement for a full and complete release of liability for all claims and causes of action against UPMC arising out of allegations made in the complaints here.  Plaintiff's counsel may make an application for attorneys' fees and costs from the $12,500,000 paid by UPMC.  The term sheet also provides that Plaintiff and UPMC will prepare a final settlement agreement and jointly move the Court for approval of the settlement.  As of this filing, the claims against Highmark remain unresolved.

### IV. A Ninety-Day Stay Pending The Settlement Approval Process Will Avoid Unnecessary Expenditure of Class, Party, and Court Resources

14. In light of the settlement and pending expedited discovery deadlines, Plaintiff and UPMC now seek a ninety-day stay and extension of all case deadlines to conserve the parties', the Special Master's, and the Court's resources, and to provide clarity as to the scope of the remaining claims for class and merits discovery.

15. Absent a stay and extension of deadlines, and given the breadth of issues here, Plaintiff and UPMC cannot afford to delay class discovery between each other, on Highmark, on putative class members, on third parties, and on the claims against UPMC.  Instead, both class counsel and UPMC would need to immediately serve and respond to full class discovery between each other, and UPMC would also need to serve full class discovery on Highmark and third parties, expending significant resources for certain Phase I fact and expert discovery that would not be necessary if the settlement is approved.  UPMC, in particular, would not have a need to serve discovery on Plaintiff, Highmark, or third parties if the settlement is approved and UPMC is out of the case.  Given Plaintiff's and class counsel's roles as stewards for resources of the class, and UPMC's role as a nonprofit entity, the parties to the settlement seek a ninety-day extension to avoid expenditure of unnecessary resources.

16. The requested ninety-day stay extends to all claims and discovery. Although claims against Highmark remain unresolved, all parties will benefit—and the parties' and the Court's resources be conserved—if there is clarity regarding the scope of this case before the anticipated substantial class discovery proceeds. Discovery in this matter has always been complex—evidenced by the Court's appointment of a Special Master to oversee discovery—and without such clarity on the claims and parties still at issue, the parties will inevitably dispute the proper scope of discovery, along with UPMC's role in that discovery, leading to additional and potentially unnecessary costs.

17. To conserve the Court's resources, Plaintiff and UPMC also propose that the Court specifically identify the stay as extending to the pending discovery dispute and objections to Report and Recommendation No. 2 from the Special Master (DE 260). In that Report and Recommendation, the Special Master upheld UPMC's claim of attorney-client privilege over certain privileged documents inadvertently produced to the U.S. Department of Justice. Plaintiff's objections, seeking to compel disclosure, need not be resolved if the settlement is approved.

18. This requested extension of deadlines is particularly appropriate in light of, and is consistent with, the amended Federal Rules of Civil Procedure regarding discovery. Indeed, amended Rule 1 emphasizes that "the court and the parties" should work "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. And Rule 26(b)(1) explains that discovery should be both relevant "and proportional to the needs of the case, considering" a number of factors including "the parties' resources" and "whether the burden or expense of discovery outweighs its likely benefit." *Id*. at 26(b)(1). In light of the

broad scope of anticipated class discovery here, a ninety-day extension of discovery and case deadlines promotes these goals.

19. There is no prejudice to any party or third party as a result of this modest extension of deadlines.

20. UPMC and Cole's Wexford also respectfully request expedited consideration of this motion, given the impending discovery deadlines. As noted above, Phase I discovery is set to start on February 11, 2016. Before the mediation, substantial disputes arose between the parties regarding the proper scope of meet and confer sessions required by the Court's December 21, 2015 Order, with Highmark refusing to meet and confer unless and until Cole's Wexford prepared what Highmark viewed as appropriately-tailored discovery requests. *See* Ex. 1. Moreover, despite the fact that, as discussed above, a stay will provide all parties—including Highmark—with clarity as to the scope of this litigation going forward, Highmark has indicated that it will oppose the stay. Accordingly, to provide clarity regarding the parties' obligations in advance of February 11, Cole's Wexford and UPMC request that Highmark be required to submit any opposition to this motion by February 8 and that a decision be made as soon thereafter as practical.

\* \* \* \* \*

WHEREFORE, for the foregoing reasons, Plaintiff and UPMC respectfully request that the Court enter the attached Proposed Order extending all case deadlines by ninety days.

Respectfully submitted,

| | |
|---|---|
| /s/ *Rebekah B. Kcehowski* | /s/ *Hamish Hume* |
| Leon F. DeJulius, Jr. (Pa. No. 90383) | Hamish Hume (*pro hac vice*) |
| Rebekah B. Kcehowski (Pa. No. 90219) | Melissa Felder Zappala (*pro hac vice*) |
| JONES DAY | Evan E. North (*pro hac vice*) |

500 Grant Street, Suite 4500  
Pittsburgh, PA 15219  
Tel: (412) 391-3939  
Fax: (412) 394-7959  
lfdejulius@jonesday.com  
rbkcehowski@jonesday.com  

Kathy Fenton (*pro hac vice*)  
JONES DAY  
51 Louisiana Ave., NW  
Washington, DC 20001-2113  
Tel: (202) 879-3939  
Fax: (202) 626-1700  
kmfenton@jonesday.com  

Paul H. Titus (Pa. No. 01399)  
Keith E. Whitson (Pa. No. 69656)  
SCHNADER HARRISON SEGAL & LEWIS LLP  
Fifth Avenue Place, Suite 2700  
Pittsburgh, PA  15222-3001  
Tel: (412) 577-5200  
Fax: (412) 765-3858  
ptitus@schnader.com  
kwhitson@schnader.com  

*Attorneys for UPMC*

BOIES, SCHILLER & FLEXNER LLP 5301 Wisconsin Avenue, N.W.  
Washington, D.C. 20015  
Tel: 202-237-2727  
Fax: 202-237-6131  
hhume@bsfllp.com  
mzappala@bsfllp.com  
enorth@bsfllp.com  

Arthur H. Stroyd, Jr. (Pa. No. 15910)  
Steven J. Del Sole (Pa. No. 73460)  
Patrick K. Cavanaugh (Pa. No. 72960)  
DEL SOLE CAVANAUGH STROYD LLC  
200 1st Avenue, Suite 300  
Pittsburgh, PA 15222  
Tel: 412-261-2393  
Fax: 412-261-2110  
astroyd@dscslaw.com  
sdelsole@dscslaw.com  

Andrew M. Stone (Pa. No. 35176)  
STONE LAW FIRM, LLC  
The Frick Building, Suite 1806  
437 Grant Street  
Pittsburgh, PA 15219  
Tel: 412-391-2005  
Fax: 412-391-0853  
astone@stone-law-firm.com  

Scott M. Hare (Pa. No. 63818)  
The Frick Building, Suite 1806  
437 Grant Street  
Pittsburgh, PA 15219  
Tel: 412-338-8632  
Fax: 412-338-6611  
scott@scottlawpgh.com  

David Stone (*pro hac vice*)  
David Harrison (*pro hac vice*)  
STONE & MAGNANINI LLP 150 JFK Parkway Short Hills, NJ 07078 Tel: 973-218-1111 Fax: 973-218-1106  
dstone@stonemagnalaw.com  
dharrison@stonemagnalaw.com  

Dated:  February 5, 2016                                      *Attorneys for Plaintiff*

**SCHEDULING MOTION CERTIFICATE**

The undersigned certifies that all parties have conferred with regard to the modifications of the governing scheduling orders proposed in Plaintiff and Defendant UPMC's Joint Expedited Motion for a Ninety-Day Stay And Extension of Case Deadlines. Non-movant Highmark Inc. does not consent to this motion.

                 /s/ *Hamish Hume*

## CERTIFICATE OF SERVICE

The undersigned certifies that, on February 5, 2016, I caused a true and correct copy of Plaintiff and Defendant UPMC's Joint Expedited Motion for a Ninety-Day Stay And Extension of Case Deadlines to be served on all counsel of record via the court's electronic filing system (CM/ECF).

       /s/ *Rebekah B. Kcehowski*