IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COLE'S WEXFORD HOTEL, INC., on its own behalf and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>UPMC and HIGHMARK INC.,<br><br>  Defendants. | Case No. 2:10-cv-01609-JFC<br><br>Chief Judge Joy Flowers Conti |

## ORDER

WHEREAS, Plaintiff Cole's Wexford Hotel, Inc., having brought claims on behalf of itself and a group of similarly situated persons, and Defendant UPMC have entered into a Settlement Agreement dated March 4, 2016 (the "Agreement" or "Settlement"), in full and final settlement of each and every Released Claim against UPMC, the terms of which are set forth in the Agreement;

WHEREAS, on March 4, 2016, Plaintiff and UPMC (collectively, the "Settling Parties") filed a Motion for Preliminary Approval of Settlement and Related Matters pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and brief in support of same (together, the "Motion"), seeking an Order:

   i.   Preliminarily approving the Settlement on the terms set forth in the Agreement;

   ii.  Approving the form, substance, and requirements of the: (a) proposed notice; (b) proposed notice plan; (c) proposed claim form; (d) proposed settlement administrators; and (e) proposed preliminary plan of allocation; and

   iii. Setting forth a schedule and procedures for: (a) dissemination or publication of the notice; (b) objecting to the Settlement; (c) requesting exclusion from the Settlement Class; (d) rescinding any prior exclusion request in accordance with the notice; (e) submitting papers in support of final approval of the Settlement; and (f) the Settlement Hearing:

WHEREAS, on March 17, 2016, the Court held a hearing on the Motion and heard argument on whether to grant the requested preliminary and final approvals;

WHEREAS, on March 24, 2016, the Settling Parties filed a Supplemental Brief in Support of the Motion (the "First Supplement") addressing the propriety of Paragraph 74 of the Agreement;

WHEREAS, on April 4, 2016, the Settling Parties filed a Second Supplemental Brief in Support of the Motion (the "Second Supplement") submitting to the Court certain amendments to the Agreement and revisions to the proposed notice and preliminary plan of allocation;

WHEREAS, the Court is also in receipt of the confidential separate submission referenced in Paragraph 44 of the Agreement (the "Confidential Submission");

WHEREAS, the Court has reviewed the Agreement, the Confidential Submission, the Motion, the First Supplement, the Second Supplement, and the documents submitted therewith, including the: (a) proposed notice and revisions thereto; (b) proposed notice plan; (c) proposed claim form; (d) information about the proposed settlement administrators; and (e) proposed preliminary plan of allocation and revisions thereto; and

WHEREAS, the Court held an additional hearing on April 6, 2016, to address the Motion, the First and Second Supplements, and the exhibits thereto;

WHEREAS, unless otherwise defined herein, all capitalized terms have the same meanings as set forth in the Agreement;

NOW, THEREFORE, THIS 6th DAY OF April, 2016, IT IS HEREBY ORDERED AS FOLLOWS:

### A.    The Settlement And Plan Of Allocation Are Preliminarily Approved.

1. The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement and finds that the Settlement falls within the range of reasonableness meriting possible final approval.

2. The Court therefore preliminarily approves the Settlement on the terms set forth in the Agreement, subject to further consideration at the Fairness Hearing.

3. The Court preliminarily approves the plan of allocation attached as Ex. G to the Second Supplement, subject to further consideration at the Fairness Hearing.

### B.    The Settlement Notices, Notice Plan, And Claims Form Are Approved.

4. The Court approves the form, substance, and requirements of the Summary Notice, Long Form Notice, and Publication Notice (collectively, the "Settlement Notices"), attached as Exhibits 1, 2, and 3, respectively, to the April 4, 2016 Supplemental Declaration of Shannon R. Wheatman, subject to the amendments to Exhibits 1 and 2 stated by the Court on the record at the hearing of April 6, 2016.

5. The Court approves the plan for publishing, mailing, and distributing the Settlement Notices to the Small Group Class as set forth in the March 4, 2016 Declaration of Shannon R. Wheatman, Ph.D., accompanying the Motion (the "Notice Plan").

6. The Court finds that disseminating the Settlement Notices in substantially the same form as approved by this Order pursuant to the methods set forth in the Notice Plan meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, is reasonable, and constitutes the best notice practicable under the circumstances.

7. The Court approves the form, substance, and requirements of the Claim Form attached to the March 4, 2016 Declaration of Shannon R. Wheatman, Ph.D., as Ex. 5 and finds

that the Claim Form meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

8. The Court approves the retention of Rust Consulting and Kinsella Media as Settlement Administrators to handle any and all aspects of Settlement Administration and Notice of the Settlement to the Small Group Class consistent with the terms and conditions of this Order and any further Order of the Court.

9. The Settlement Administrators and Counsel for the Settling Parties are hereby authorized to utilize all reasonable procedures in connection with the Settlement Administration that are not materially inconsistent with either this Order or the terms of the Settlement.

**C.   Schedule For The Fairness Hearing And Motion For Final Approval.**

10. Within fourteen (14) days from the date of this Order, the Settlement Notices shall issue substantially in the forms attached to the April 4, 2016 Supplemental Declaration of Shannon R. Wheatman as Exhibits 1, 2, and 3 in accordance with the Notice Plan, subject to the amendments to Exhibits 1 and 2 stated by the Court on the record at the hearing of April 6, 2016.

11. Within thirty (30) days from the date of this Order, the Settling Parties shall file a Motion for Final Approval of the Settlement and Entry of Final Judgment As To UPMC.

12. Also within thirty (30) days from the date of this Order, Plaintiff shall file any application(s) for an award, up to 30% of the Settlement Amount, of attorneys' fees, reimbursement of costs and expenses incurred in connection with prosecuting the Action, and/or an incentive fee of no more than $7,500 for Plaintiff.

13. This Court will hold a hearing on July 26, 2016, at 11:00 am at the United States District Court for the Western District of Pennsylvania, United States Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania 15219 (the "Fairness Hearing") to address:

    a) Any objections to the Settlement;

    b) whether the proposed Settlement, on the terms and conditions provided for in the Agreement, is fair, reasonable, and adequate, and should be approved;

    c) whether the release in Paragraph 54 of the Agreement should bind the Small Group Class;

    d) whether the Court should enter Final Judgment dismissing UPMC from the Action;

    e) any application(s) that Plaintiff may file for an award of attorneys' fees, reimbursement of expenses incurred in connection with prosecuting the Action, and/or an incentive fee for Plaintiff; and

    f) such other matters as the Court may deem appropriate.

14. At least three (3) days prior to the Fairness Hearing, Plaintiff shall file with the Court proof that Notice was provided in accordance with the Notice Plan, the terms of this Order, and any other Order regarding Notice that the Court shall have issued.

15. At least three (3) days prior to the Fairness Hearing, UPMC shall file with the Court proof of its compliance with the provision of the Class Action Fairness Act requiring that each settling defendant serve upon the appropriate state and federal officials notice of the proposed settlement. *See* 28 U.S.C. § 1715(b).

16. The Court may adjourn the Fairness Hearing and later reconvene such hearing without further notice to the Class Members, except for notice to be provided by the Settlement Administrators via a Settlement website and telephonic hotline.

**D.**   **Participation In The Class.**

17. In the event the Court grants final approval of the Settlement, all those falling within the definition of the Small Group Class who do not timely request to be excluded from the Small Group Class or who timely revoke their exclusion from the Small Group Class pursuant to the terms of the Settlement and this Order will be bound by the terms of the Settlement

5

Agreement, Final Judgment, and all Orders of the Court with regard to the Settlement Agreement, except as provided by Paragraph 20 of this Order.

18. In the event the Court grants final approval of the Settlement, Class Members who wish to participate in the Settlement must submit a claim in accordance with the instructions on the Claim Form. All Class Members who do not opt out of the Settlement and who fail to submit a Claim Form shall be forever barred from receiving any payments or benefits pursuant to the Settlement Agreement but will in all other respects be subject to and bound by the provisions of the Settlement Agreement, the releases contained therein, and the Final Judgment.

E. **The Procedure For Opting Out Of The Small Group Class**

19. All Class Members shall have the right to opt out of the Small Group Class at any time during the Opt-Out Period. The Opt-Out Period shall run for sixty (60) days following the issuance of Notice pursuant to Paragraph 10.

20. After the close of the Opt-Out Period, any Class Member may petition the Court for leave to opt out upon a showing that the Class Member was unable to opt out during the Opt-Out Period for good cause. Any such petition for leave to opt out shall also be served on both Settlement Class Counsel and counsel for UPMC. In ruling on any such petition, the Court will consider any prejudice or unfairness to the Settlement Class and the Parties that would result from permitting the untimely opt out. The Court will presume prejudice to UPMC in the event that an untimely opt out, if permitted, would occur after any settlement funds have been distributed to Class Member(s) and would trigger UPMC's right pursuant to Paragraph 44 of the Agreement to rescind the Settlement.

21. Any Class Member who wishes to opt out of the Small Group Class may do so by mailing written notice to the following:

> Western Pennsylvania Insurance Settlement
> P.O. Box 2490
> Faribault, MN 55021-9190

22. Any written notice of opt out must: (a) clearly state the Class Member's desire to opt out of the Small Group Class in *Cole's Wexford Hotel, Inc. v. UPMC*, No. 2:10-CV-01609; (b) identify the Class Member's small group name, address, telephone number, and a contact person; and (c) include an authorized signature on behalf of the Class Member.

23. In accordance with the Settlement, the Settlement Administrators will forward to counsel for UPMC and Plaintiff any opt outs received. The Parties shall file a list of opt outs with the Court at least three (3) days before the Fairness Hearing.

24. Any Class Member who has opted out and wishes to revoke his, her, or its request for exclusion may do so by mailing a letter stating clearly the desire to revoke the previous request for exclusion to the Settlement Administrators at the address provided in Paragraph 21 by no later than the close of the Opt-Out Period pursuant to Paragraph 19.

25. All those who notice their intent to be excluded from the Settlement Class pursuant to the terms of this Order and do not revoke their exclusion as permitted by this Order will not share in the distribution of the Settlement Amount, will not receive any benefits pursuant to the Settlement Agreement, and will not be bound by the terms of the Settlement Agreement.

26. All those who submit notices of their intent to be excluded from the Settlement Class and do not revoke their exclusion pursuant to the terms of this Order will not be permitted to object at the Fairness Hearing.

**F.     The Procedure For Objecting To The Settlement**

27.     Class Members may object to the Settlement by mailing their objection in writing to the Clerk of the Court and counsel for both Parties at the following addresses:

CLERK OF COURT:

Clerk of Court
United States District Court for the Western
District of Pennsylvania
U.S. Courthouse
700 Grant Street
Pittsburgh, PA 15219

COUNSEL FOR UPMC:

Rebekah B. Kcehowski
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA  15219
Tel: (412) 391-3939
rbkcehowski@jonesday.com


COUNSEL FOR PLAINTIFF:

Patrick K. Cavanaugh
DEL SOLE CAVANAUGH STROYD LLC
200 1st Avenue, Suite 300
Pittsburgh, PA 15222
Tel: 412-261-2393
Fax: 412-261-2110
pcavanaugh@dscslaw.com


28.     Any objection must be postmarked by no later than the close of the Opt-Out Period pursuant to Paragraph 19.

29.     Any objection must be in writing and must clearly: (a) state the objecting Class Member's small group name, address, telephone number, and a contact person; (b) indicate that the objecting Class Member objects to the Settlement in this Action; (c) identify the reasons why

the objecting Class Member objects to the Settlement; (d) enclose any briefs, memoranda, or evidence that the Class Member would like considered with the objection; (e) state whether the objecting Class Member intends to appear at the Fairness Hearing and identify any attorney that represents the Class Member regarding this Settlement other than Settlement Class Counsel; and (f) identify the name of any witness that the objecting Class Member intends to present at the Fairness Hearing and state the nature of that witness's anticipated testimony.

30. Any Class Member who properly and timely objects pursuant to Paragraphs 28 and 29 may present their objection at the Fairness Hearing and present the evidence identified in their written objection. To the extent the Class Member is not a natural person, that Class Member must be represented by counsel at the Fairness Hearing.

31. Except as provided for in Paragraph 32, any Class Member who does not object by the close of the Opt-Out Period pursuant to Paragraph 28 or who does not object in the manner prescribed by Paragraph 29 shall be deemed to have waived such objection; shall be forever foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement or the Order and Final Judgment to be entered approving the Settlement; and shall not be permitted to present any objection at the Fairness Hearing.

32. After the close of the Opt-Out Period, any Class Member may petition the Court for leave to object pursuant to this Paragraph upon a showing that the Class Member was unable to object during the Opt-Out Period for good cause. Any such petition for leave to submit an untimely objection shall also be served on both Settlement Class Counsel and counsel for UPMC, must state the objection and the reasons therefore, and enclose any and all supporting papers the Class Member would like considered, including, without limitation, all briefs, written evidence, and declarations. In ruling on any such petition, the Court will consider any prejudice

9

or unfairness to the Settlement Class and the Parties that would result from permitting the untimely objection.

33. Any hearing on a petition for leave to submit an untimely objection or an objection stated in such a petition shall be held only at the discretion of the Court.

**G.     Miscellaneous.**

34. The Settling Parties may further modify the Agreement prior to the Fairness Hearing so long as such modifications do not materially change the terms of the Settlement. The Court may approve the Settlement with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class Members, except for notice to be provided by the Settlement Administrators via a Settlement website and telephonic hotline.

35. Pending final determination of whether the Settlement should be approved, Plaintiff and all Class Members, and anyone who acts or purports to act on their behalf, shall not institute, commence, or prosecute any of the Released Claims, as defined in Paragraph 54 of the Agreement, against any of the Released Parties, as defined in Paragraph 23 of the Agreement.

36. If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the parties to the Agreement; UPMC and any other Released Party shall have retained any and all of their current defenses and arguments to the Action, including but not limited to arguments that the requirements of Fed. R. Civ. P. 23 are not satisfied; the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose; and any Order entered by the Court in accordance with the terms of the Settlement Agreement shall be vacated.

37. Nothing about this Order or any other Order of the Court relating to preliminary approval of the Settlement shall bind or have preclusive effect on Defendant Highmark Inc.

38. The Court shall retain continuing jurisdiction over the Action to consider all further matters arising out of or connected to the Settlement, as well as the administration thereof.

SO ORDERED:

<u>/s/ JOY FLOWERS CONTI</u>
Joy Flowers Conti
Chief United States District Judge