**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| COLE'S WEXFORD HOTEL, INC., on its own behalf and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 2:10-cv-01609-JFC |
| v. | ) ) | Judge Joy Flowers Conti |
| UPMC and HIGHMARK INC., | ) ) | *Electronically Filed* |
| Defendants. | ) ) ) ) | |

**PLAINTIFF'S MOTION TO (1) UNSEAL, IN FULL, ITS MOTION IN SUPPORT OF PRELIMINARY CERTIFICATION OF THE SETTLEMENT CLASS; (2) UNSEAL, IN PART, PLAINTIFF'S AND UPMC'S MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND RELATED MATTERS; AND (3) FILE UNREDACTED VERSIONS OF THE MOTIONS ON THE DOCKET**

Cole's Wexford Hotel, Inc. ("Cole's Wexford," "Plaintiff"), respectfully moves to (1) unseal, in full, its Motion in Support of Preliminary Certification of the Settlement Class and supporting papers (Dkts. 349 and 350) and to (2) unseal, in part, Plaintiff's and UPMC's Motion for Preliminary Approval of Settlement and Related Matters and supporting papers (Dkts. 347 and 348), and (3) file unredacted versions of the Motions and supporting papers on the Docket. Plaintiff seeks expedited consideration of this Motion to enable Settlement Class members to review unredacted versions of these documents as soon as possible.

The grounds for this Motion are as follows.

On March 4, 2016, Plaintiff filed a redacted version of its Motion in Support of Preliminary Certification of the Settlement Class, and supporting papers. (Dkts. 343, 344 (sealed version docketed on March 7, 2016 at Dkts. 349 and 350)).   In its supporting brief, Plaintiff

referenced information regarding the total number of Settlement Class Members, which had been

provided by Highmark, Inc. ("Highmark") during discovery.  (Dkt. 344 at 10).  Plaintiff cited,

and attached as Exhibit A (Dkt. 344-1), a letter brief that Highmark submitted to the Special

Master in this case that (1) referenced the total number of small group subscribers and (2)

information about Plaintiff's claimed damages that, if disclosed, could allow someone to

estimate the total amount of premiums paid by the Settlement Class to HHIC. (Dkt. 344-1 at 5).

Plaintiff understood that Highmark had designated both categories of information Highly

Confidential under the governing Protective Order in this case (Dkt. 75), and therefore sought

leave to file this information under seal. (Dkt. 338).  This Court granted Plaintiff's motion to file

under seal. (Dkt. 342).

Likewise, Plaintiff and UPMC jointly filed a Motion for preliminary approval of

settlement and related Matters on March 4, 2016.  (Dkts. 345, 346 (sealed version docketed on

March 7, 2016 at Dkts. 347 and 348)).  The supporting brief contained information about the

total amount of premiums paid by the Settlement Class to HHIC. (Dkt. 346 at 15).  Plaintiff and

UPMC also attached a declaration provided by Patrick Cavanaugh (Dkt. 346-4), which in turn

attached two sets of Interrogatory Responses provided by Highmark  (Exhibits 10 and 11) that

also contained information about premiums paid by the Settlement Class to HHIC. (Dkt. 346-4 at

33-49). The information redacted from Exhibit 11 contains information *only* about the aggregate

amount of premiums paid by Class Members to HHIC during the class period.  The information

redacted from Exhibit 10 provides more detailed premium information—it provides the amount

of premiums paid on a year-over-year basis, as well as the number of small group subscribers on

a year over year basis.   Highmark designated the information contained in Exhibit 11 as

"Highly Confidential" under the Protective Order, and designated the information contained in

Exhibit 10 as "Highly Confidential-Outside Counsel/Experts Only" under the Protective Order. Accordingly, Plaintiff and UPMC jointly moved to file its motion for preliminary approval under seal. (Dkt. 337).

This Court granted both Motions to Seal on March 4, 2016, but at a status conference on March 7, 2016, referred to the Special Master the issues of whether the following two categories of information should remain under seal: (1) the total amount of premiums paid by the Settlement Class to HHIC during the class period and (2) the amount of small group subscribers on a year over year basis.  (March 7, 2016 docket entry).   At this same status conference, Highmark represented that it does not object to disclosure of the total number of small group subscribers during the class period—it objects only to disclosure of information about year-over-year changes in HHIC's small groups.  (Ex. 1at 9:2-6, excerpt of transcript of 3/7/2016 status conference).  Therefore, the information about the total number of small group subscribers during the class period need not remain under seal.[1]

In letter briefing before the Special Master, Plaintiff argued that the first category of information should be unsealed, and took no position as to whether the latter category should be unsealed (but reserved its right to argue, at a later time, that this information should be unsealed). In Report and Recommendation #5, Special Master Levie agreed that the total amount of premiums paid by the Settlement Class to HHIC during the class period should not remain under seal, but that the amount of small groups on a year over year basis should remain under seal. (Dkt. 363).  During the April 6, 2016 hearing on preliminary approval of the settlement

---

[1] Plaintiff and UPMC submitted the information about total number of Settlement Class Members in the proposed notices attached to their Second Supplemental Brief in Support of Preliminary Approval of Settlement and Related Matters (Dkt. 367-3 at 6, 12, 19).

agreement, this Court adopted Report and Recommendation #5 in full.  (Ex. 2 at 20:21-25, excerpt of transcript of April 6, 2016 hearing).

Accordingly, with respect to Plaintiff's and UPMC's Motion for Preliminary Approval of Settlement and Related Matters, Plaintiff seeks to unseal, in full, the text of the supporting brief (Dkt. 346), and Exhibit 11 to Mr. Cavanaugh's declaration (Dkt. 346-4 at 44-49) which contains only references to the total amount of premiums paid by the Settlement Class to HHIC during the class period. Consistent with this Court's order, Plaintiff does not seek to unseal Exhibit 10 to Mr. Cavanaugh's declaration (Dkt. 346-4 at 33-43), which references the number of small group subscribers on a year over year basis.

To permit Class Members to have access to the information that the Court has held should not be maintained under seal, Plaintiff seeks to file unredacted versions of the Motion in Support of Preliminary Certification of the Settlement Class and supporting papers  (Dkts. 345, 346 (sealed version docketed on March 7, 2016 at Dkts. 347 and 348)) and Plaintiff's and UPMC's Motion for Preliminary Approval of Settlement and Related Matters (Dkts. 345, 346 (sealed version docketed on March 7, 2016 at Dkts. 347 and 348)) on the docket.  Plaintiff would maintain redactions on Exhibit 10 to Mr. Cavanaugh's declaration (Dkt. 346-4 at 33-43) as this information is to be maintained under seal.

Dated:  April 12, 2016                                    Respectfully submitted,

*/s/ Hamish Hume*

Hamish Hume *(pro hac vice)*
Melissa Zappala (*pro hac vice*)                          Scott M. Hare (Pa. No. 63818)
Evan North *(pro hac vice)*                               The Frick Building, Suite 1806
BOIES, SCHILLER & FLEXNER LLP                             437 Grant Street
5301 Wisconsin Avenue, N.W.                               Pittsburgh, PA 15219
Washington, D.C. 20015                                    Tel: 412-338-8632
Tel: 202-237-2727                                         Fax: 412-338-6611
Fax: 202-237-6131                                         scott@scottlawpgh.com
hhume@bsfllp.com
mzappala@bsfllp.com                                       Andrew M. Stone (Pa. No. 35176)
enorth@bsfllp.com                                         STONE LAW FIRM, LLC
                                                          The Frick Building, Suite 1806
                                                          437 Grant Street
David Stone *(pro hac vice)*                              Pittsburgh, PA 15219
David Harrison *(pro hac vice)*                           Tel: 412-391-2005
STONE & MAGNANINI LLP                                     Fax: 412-391-0853
150 JFK Parkway                                           astone@stone-law-firm.com
Short Hills, NJ 07078
Tel: 973-218-1111
Fax: 973-218-1106                                         *Attorneys for Cole's Wexford Hotel, Inc.*
Email: dstone@stonemagnalaw.com
Email: dharrison@stonemagnalaw.com

Arthur H. Stroyd, Jr. (Pa. No. 15910)
Stephen J. Del Sole (Pa. No. 73460)
Patrick K. Cavanaugh (Pa. No. 72960)
DEL SOLE CAVANAUGH STROYD LLC
200 1st Avenue, Suite 300
Pittsburgh, PA 15222
Tel: 412-261-2393
Fax: 412-261-2110
astroyd@dscslaw.com
sdelsole@dscslaw.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that, on April 12, 2016, a true and correct copy of the foregoing was served on all counsel of record by the Court's electronic filing system (CM/ECF).

*/s/ Hamish Hume*
Hamish Hume