IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COLE'S WEXFORD HOTEL, INC., on its own behalf and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>UPMC and HIGHMARK INC.,<br><br>        Defendants. | Case No. 2:10-cv-01609-JFC<br><br>Judge Joy Flowers Conti |

**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT**

WHEREAS, Plaintiff Cole's Wexford Hotel, Inc., having brought claims on behalf of itself and a group of similarly situated persons, and Defendant UPMC have entered into a Settlement Agreement dated March 4, 2016, as amended on April 4, 2016, and April 8, 2016 (the "Settlement," "Agreement," or "Settlement Agreement"), in full and final settlement of each and every Released Claim against UPMC, the terms of which are set forth in the Agreement;

WHEREAS, the Court held hearings on the Settlement Agreement on March 17, 2016, and April 6, 2016;

WHEREAS, on April 6, 2016, the Court issued an Order granting Plaintiff's and UPMC's Motion for Preliminary Approval of Settlement and Related Matters (the "Preliminary Approval Order"), and in doing so, *inter alia*,

    i. Found that the Settlement was within the range of reasonableness meriting possible final approval;

    ii. Approved the retention of Rust Consulting and Kinsella Media as Settlement Administrators to handle any and all aspects of Settlement Administration and Notice of the Settlement;

    iii. Approved the forms of Notice to Class Members and the Notice Plan for disseminating those Notices as reasonable, constituting the best notice practicable

    under the circumstances, and consistent with the requirements of due process and Fed. R. Civ. P. 23(e);

  iv. Approved the form, substance, and requirements of the Claim Form and found that the Claim Form met the requirements of due process and Fed. R. Civ. P. 23(e);

  v. Preliminarily approved the Plan of Allocation for distributing the Settlement Amount to Class Members; and

  vi. Set procedures and schedules for Class Members to assert objections or request exclusion from the Small Group Settlement Class;

WHEREAS, on May 6, 2016, Plaintiff and UPMC filed a Motion for Final Approval of Settlement and brief in support of same, seeking final approval of their Settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure;

WHEREAS, subsequent to filing their Motion for Final Approval, Plaintiff and UPMC subsequently submitted such other materials as called for by the Settlement Agreement and the Preliminary Approval Order;

WHEREAS, on July 26, 2016, the Court held a final fairness hearing to adjudicate the fairness, reasonableness, and adequacy of the Settlement;

WHEREAS, the Court has considered the Settlement, together with its amendments, and the pleadings, exhibits, submissions, and arguments presented by the Parties;

WHEREAS, unless otherwise defined herein, all capitalized terms have the same meanings as set forth in the Agreement and/or the Preliminary Approval Order;

NOW, THEREFORE, THIS ____ DAY OF _____, 2016, IT IS HEREBY ORDERED AS FOLLOWS:

**A.** **<u>Jurisdiction And Notice Are Proper</u>**

 1. The Court finds that the Parties followed the Notice Plan.  Accordingly, the Parties provided notice of the Settlement via both a direct mailing to nearly 10,600 potential

Class Members, and publication in thirty newspapers throughout Western Pennsylvania, and made information about the Settlement available through a dedicated website and toll-free phone number.

2.   The Notice Plan: (a) was the best notice practicable under the circumstances; (b) constituted notice that was reasonably calculated under the circumstances to apprise members of the Small Group Settlement Class of the pendency of the Action, the terms of the Settlement, their right to object to or request exclusion from the Settlement, their right to appear at the Final Approval Hearing, and the binding effect of the Orders and Judgment in this Action regarding the Settlement and Class Members; (c) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, Due Process, and the rules of the Court.

3.   Accordingly, the Court has jurisdiction over the subject matter of this Action and over all parties to the Settlement, including all absent members of the Class certified for purposes of the Settlement.

4.   Thus, pursuant to Federal Rule of Civil Procedure 23(c)(3), all Class Members are bound by this Order and by the terms of the Settlement.

5.   The Court finds that, on April 18, 2016, Defendant UPMC properly and timely notified the appropriate government officials of the Settlement pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.  Further, more than ninety (90) days have elapsed since Defendant provided notice of the Settlement pursuant to CAFA.

B.   **The Motion for Final Approval of Settlement Is Granted**

6.   The Court has considered the factors creating a presumption of fairness—namely, whether: the settlement negotiations occurred at arm's length; there was sufficient discovery; the proponents of litigation are experienced in similar litigation; and whether only a small fraction of

3

the class objected.  *See In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 535-38 (3d Cir. 2004).

7. The Court finds that a presumption of fairness applies because the Settlement was negotiated at arm's length with an accomplished neutral at a Court-ordered mediation; the Parties were represented by reputable counsel with substantial class action, antitrust, and complex litigation experience; there was sufficient formal and informal discovery and both the Parties and counsel were knowledgeable about the facts of the case and the potential risks of continued litigation; and the overall reaction of the Class has favored the Settlement.

8. The Court has also specifically considered the *Girsh* factors, including the complexity, expense, and likely duration of litigation; the reaction of the Small Group Settlement Class; the stage of proceedings; the risks of establishing liability, damages, and class status; and the range of reasonableness of the Settlement in light of the best possible recovery and attendant risks of litigation.  *See id.*; *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975).

9. The Court finds that these factors weigh in favor of approving the Settlement. The Settlement is fair, reasonable, adequate, and in the best interests of the Small Group Settlement Class pursuant to Fed. R. Civ. P. 23(e).

10. More specifically, this is an antitrust case with an already long and complex history.  The issues presented involve healthcare and insurance competition, are substantial, will involve sophisticated testimony from both lay and expert witnesses, and are highly contested. Continued litigation will be significantly complex and expensive for both sides, and the Parties each would face significant risk were the case to continue:  A loss for Plaintiff would mean years of complex litigation and the associated costs with no relief; a loss for UPMC—a nonprofit corporation—could result in significant monetary liability.  In contrast, the Settlement provides

valuable and immediate consideration to Class Members, including UPMC's continued cooperation in the ongoing litigation, the monetary award is an appropriate percentage of the damages alleged at this juncture in the lawsuit, and the overall reaction of Class Members has been favorable.

11. The Settlement is in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act, the United States Constitution (including the Due Process Clause), and any other applicable law.

12. Accordingly, the Court hereby grants Plaintiff's and UPMC's Motion for Final Approval of Settlement. Any and all objections to the Settlement are overruled as without merit.

13. The Court further finds that the plan of allocation (ECF No. 367-8) is fair, reasonable, adequate, and in the best interests of the Small Group Settlement Class pursuant to Fed. R. Civ. P. 23(e). The Court hereby grants final approval of the plan of allocation.

14. Accordingly, the Settlement is hereby approved in all respects, and the Parties are hereby directed to implement the Settlement according to its terms and provisions and this Order. The Settlement Agreement (ECF Nos. 346-1, 367-4, 378-1) is hereby incorporated into this Order in full and shall have the full force of an Order of this Court.

C. **Binding Nature of Settlement**

15. The Court hereby dismisses the Action as to UPMC on the merits, with prejudice, and without taxation of fees or costs except as provided for in the Agreement.

16. The terms of the Settlement Agreement and of this Order and the accompanying Final Judgment shall be forever binding on Plaintiff, UPMC, the Small Group Settlement Class, and the Releasing Parties, and these terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, or other proceedings maintained by or on behalf of any

such persons, to the extent those claims, lawsuits or other proceedings involve matters encompassed by the Release set forth in the Settlement Agreement and this Order.

17. The following Release and Discharge, which is also set forth in Paragraph 54 of the Settlement Agreement, is expressly incorporated herein in all respects, including all defined terms used therein, and is effective as of the date of this Final Order and the accompanying Final Judgment.  Accordingly, upon the occurrence of the Effective Date, Releasing Parties shall generally release, acquit, and forever discharge the Released Parties, including Defendant UPMC, to the fullest extent permitted by law, from any and all claims, demands, rights, losses, suits, actual and potential causes of action, damages, obligations, duties, judgments, decrees, matters, issues and controversies of any kind, debts, and liabilities of any nature, including without limitation damages, costs, expenses, penalties, fees, attorneys' fees, incentive fees, interest, and sanctions, whether class, individual, or otherwise in nature, that Releasing Parties ever had, now have, or hereafter can, from the beginning of time to the Effective Date, shall, or may have directly, representatively, derivatively or in any other capacity, whether known or unknown, suspected or unsuspected, foreseen or unforeseen, apparent or not apparent, in law or equity, against the Released Parties that relate in any way to:  (1) the facts, occurrences, transactions or other matters alleged in the Complaint; or (2) any other matters that could have been asserted in the Action that arise under and/or relate to any United States federal or state antitrust, business and professions, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice, unjust enrichment, disgorgement, consumer protection or civil conspiracy law based in whole or in part on the facts, occurrences, transactions, or other matters alleged in the Complaint (the "Released Claims"); provided, however, that nothing in this Order shall release: (1) claims involving bodily injury or property damage arising out of the alleged

negligence of UPMC, including, but not limited to, claims alleging medical malpractice; (2) any claim to enforce any of the terms of this Agreement; or (3) any claims against the Non-Settling Defendant.  Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of this Order and accompanying Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties.

18.     Plaintiff expressly understands and acknowledges, and all Class Members will be deemed by this Order and accompanying Final Judgment to acknowledge, that certain principles of law, including, but not limited to, Section 1542 of the Civil Code of the State of California, provide that "a general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."  To the extent that anyone might argue that these or similar principles of law are applicable (notwithstanding that the Settlement is governed by Pennsylvania law), the Small Group Settlement Class hereby agrees that the provisions of all such principles of law or similar federal or state laws, rights, rules, or legal principles, even if applicable, are hereby knowingly and voluntarily waived, relinquished and released by Plaintiff and all Class Members.

19.     The Releasing Parties are hereby permanently barred and enjoined from commencing, instituting, maintaining, prosecuting or asserting, either directly or in any other capacity, in any forum, any Released Claim against any Released Parties.

D.     **Miscellaneous**

20.     The benefits and payments described in the Agreement and this Order are the only consideration, fees, and expenses Defendant UPMC and the Released Parties shall be obligated

to give to the Plaintiff, Class Members, Releasing Parties, and Class Counsel in connection with the Settlement.

21.     The Court acknowledges that, despite entering into the Settlement, Defendant UPMC specifically denies any and all wrongdoing, and that UPMC has agreed to settle this case in order to avoid the burdens and expenses of litigation.  The Court therefore orders that the existence of, terms in, and any action taken under or in connection with the Settlement shall not constitute, be construed as, or be admissible in evidence as, any admission by UPMC of:  (1) the validity of any claim, defense or fact asserted in the Actions or any other pending or future action, or (2) any wrongdoing, fault, violation of law, or liability of any kind on the part of UPMC.

22.     Without affecting the finality of this Order or the accompanying Final Judgment in any way, this Court hereby retains exclusive and continuing jurisdiction as to all matters relating to administration, consummation, implementation, enforcement, and interpretation of the Settlement and this Order and accompanying Final Judgment, and for any other necessary purpose all matters ancillary thereto.

IT IS SO ORDERED, ADJUDGED, AND DECREED.

Dated this ____ day of _____, 2016.

_____
Chief Judge Joy Flowers Conti