### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COLE'S WEXFORD HOTEL, INC., on its own behalf and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>UPMC and HIGHMARK INC.,<br><br>        Defendants. | Case No. 2:10-cv-01609-JFC<br><br>Judge Joy Flowers Conti |

### FINAL JUDGMENT AS TO UPMC

By order dated _____, 2016 (ECF No. \_\_\_\_), this Court granted Plaintiff's and UPMC's Motion for Final Approval of the Settlement ("Final Approval Order"). In accordance with that Final Approval Order, and the Settlement Agreement between Plaintiff and UPMC executed on March 4, 2016 (ECF No. 346-1), including the amendments thereto (ECF Nos. 367-4, 378-1), and good cause appearing,

It is hereby ORDERED, ADJUDGED, and DECREED THAT:

1.     This Final Judgment is a final judgment under Federal Rule of Civil Procedure 58.

2.     The Court has jurisdiction over the subject matter of this Action and over all parties to the Action, including all members of the Settlement Class.

3.     Terms and phrases in this Final Judgment not otherwise defined herein shall have the same meaning as ascribed to them in the Settlement Agreement, as amended (ECF Nos. 346-1, 367-4, 378-1).

4.     Both the Settlement Agreement, as amended, and the Final Approval Order, are incorporated in this Judgment as if fully set forth here.

5. The Small Group Class is certified for purposes of the Settlement only and includes all persons, whether natural or fictitious, who purchased small group health insurance coverage in Western Pennsylvania from, or otherwise paid any small group plan premiums or portion thereof to, Highmark Health Insurance Co. or a similar for profit subsidiary of Highmark Inc. between July 1, 2010, and March 21, 2012. Excluded from the class are UPMC, Highmark Inc., and their respective officers, employees, agents, representatives, parents, subsidiaries, and affiliates, as well as those who validly and timely elect to exclude themselves from the Small Group Class.

6. All Settlement Class Members, which excludes those persons (if any) having validly and timely filed exclusions, are bound by this Judgment and by the terms and conditions of the Settlement Agreement, including the scope of the Released Claims in paragraph 54 of the Settlement Agreement.

7. Having granted the motion for final approval of the Settlement, the Court hereby determines under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directs that the judgment of dismissal as to UPMC shall be final on all claims.

8. For reasons separately set forth in the Final Approval Order, the Court:

   a) approves the Settlement Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Small Group Settlement Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directs its consummation according to its terms;

   b) dismisses the Action with prejudice against UPMC and without the assessment of court costs, and enters judgment as to UPMC;

   c) discharges and releases the Released Parties from all Released Claims;

   d) permanently bars and enjoins the Releasing Parties from commencing, instituting, maintaining, prosecuting or asserting, either directly or in any other capacity, in any forum, any Released Claim against any of the Released Parties; and

  e) reserves exclusive jurisdiction over the Settlement and the Settlement Agreement, including without limitation, the administration and consummation of the Settlement.

9. The Plaintiff and all Class Members shall, as of the Effective Date, conclusively be deemed to have acknowledged that the Released Claims may include claims, rights, demands, causes of action, liabilities, suits, damages, losses or injury that are not known or suspected to exist as of the Effective Date. The Plaintiff and all Class Members nonetheless release all Released Claims against the Released Parties.

10. Any and all objections to the Settlement are overruled.

11. Plaintiff and Defendant UPMC are ordered to comply with the terms of the Settlement Agreement.

12. This Judgment is not an admission of liability, fault, or wrongdoing by Defendant UPMC or the Released Parties, or a finding of the validity of any claims in the Action. Neither this Judgment, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability of, or admission by Defendant UPMC or the Released Parties. Notwithstanding the foregoing, nothing in this Judgment shall be interpreted to prohibit the use of this Judgment in a proceeding to enforce the Settlement Agreement, the Final Approval Order, or this Judgment; to defend against the assertion of Released Claims in any other proceeding; or as otherwise required by law.

IT IS SO ORDERED, ADJUDGED, AND DECREED.

Dated this ____ day of _____, 2016.

               _____
               Chief Judge Joy Flowers Conti