IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COLE'S WEXFORD HOTEL, INC.,** on its own behalf and on behalf of all others similarly situated, | ) ) ) ) Case No. 2:10-cv-01609-JFC |
| Plaintiffs, | ) ) Senior Judge Joy Flowers Conti |
| v. | ) ) |
| **HIGHMARK, INC.,** | ) ) ) |
| Defendant. | ) ) ) |

**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT, APPROVING RETENTION OF SETTLEMENT CLASS FROM UPMC SETTLEMENT, AND AWARDS FEES AND COSTS TO SETTLEMENT CLASS COUNSEL, AND SERVICE PAYMENT TO CLASS REPRESENTATIVE**

**WHEREAS**, Plaintiff Cole's Wexford Hotel, Inc., ("Cole's Wexford" or "Plaintiff") having brought claims on behalf of itself and a group of similarly situated persons, and Defendant Highmark, Inc. ("Highmark" or "Defendant") have entered into a Settlement Agreement dated December 19, 2019 (the "Settlement," "Agreement," or "Settlement Agreement"), in full and final settlement of each and every Released Claim against Highmark, the terms of which are set forth in the Agreement;

**WHEREAS**, the Court held hearings on the Settlement Agreement on January 21, 2020, February 11, 2020, and May 4, 2020;

**WHEREAS**, on February 12, 2020, the Court issued an Order granting Plaintiff's and Highmark's Motion for Preliminary Approval of Settlement and Related Matters (the "Preliminary Approval Order"), and in doing so, *inter alia*:

    i. Found that the Settlement was within the range of reasonableness meriting possible final approval;

    ii. Approved the retention of Rust Consulting and Kinsella Media as Settlement Administrators to handle any and all aspects of Settlement Administration and Notice of the Settlement;

    iii. Approved the forms of Notice to Class Members and the Notice Plan for disseminating those Notices as reasonable, constituting the best notice practicable under the circumstances, and consistent with the requirements of due process and Fed. R. Civ. P. 23(e);

    iv. Approved the form, substance, and requirements of the Claim Form and found that the Claim Form met the requirements of due process and Fed. R. Civ. P. 23(e);

    v. Preliminarily approved the Plan of Allocation for distributing the Settlement Amount to Class Members; and

    vi. Set procedures and schedules for Class Members to assert objections or request exclusion from the Small Group Settlement Class;

**WHEREAS**, on March 12, 2020, Plaintiff and Highmark filed a Motion for Final Approval of Settlement and brief in support of same, seeking final approval of their Settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure;

**WHEREAS**, on March 12, 2020, Plaintiff submitted a motion seeking retention of the settlement class certified for the 2016 settlement with UPMC in this case on behalf of the same class;

**WHEREAS**, on March 12, 2020, Plaintiff submitted a motion for an award of attorneys' fees, the reimbursement of litigation costs, and the award of a service fee to the class representative;

**WHEREAS**, subsequent to filing their Motion for Final Approval, Plaintiff and Highmark submitted such other materials as called for by the Settlement Agreement and the Preliminary Approval Order;

**WHEREAS**, on May 4, 2020, the Court held a final fairness hearing (the "Fairness Hearing") to adjudicate the fairness, reasonableness, and adequacy of the Settlement;

**WHEREAS**, the Court has considered the Settlement, together with its amendments, and the pleadings, exhibits, submissions, and arguments presented by the Parties;

**WHEREAS**, unless otherwise defined herein, all capitalized terms have the same meanings as set forth in the Agreement and/or the Preliminary Approval Order;

**NOW, THEREFORE, THIS 6th DAY OF MAY, 2020, IT IS HEREBY ORDERED AS FOLLOWS:**

**A.     Jurisdiction And Notice Are Proper**

1.     The Court finds that, for the reasons more fully set forth on the record at the Fairness Hearing, the Parties followed the Notice Plan. Accordingly, the Parties provided notice of the Settlement via both a direct mailing to 96% of the Small Group Settlement Class and publication in numerous newspapers throughout Western Pennsylvania that increased the overall reach of the notice to approximately 97 – 98% of Class Members, depending on location. The Parties supplemented these efforts by making information about the Settlement available by maintaining an email address and physical address through which Class Members could direct questions or seek information.

2.     As more fully set forth on the record at the Fairness Hearing, the Notice Plan, as implemented by the Parties: (a) was the best notice practicable under the circumstances; (b) constituted notice that was reasonably calculated under the circumstances to apprise members of the Small Group Settlement Class of the pendency of the Action, the terms of the Settlement, their right to object to or request exclusion from the Settlement, their right to appear at the Final Approval Hearing, and the binding effect of the Orders and Judgment in this Action regarding

the Settlement and Class Members; (c) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, Due Process, and the rules of the Court.

3. Accordingly, the Court has jurisdiction over the subject matter of this Action and over all parties to the Settlement, including all absent members of the Class certified for purposes of the Settlement.

4. Thus, pursuant to Federal Rule of Civil Procedure 23(c)(3), all Class Members are bound by this Order and by the terms of the Settlement.

5. As more fully set forth on the record at the Fairness Hearing, the Court finds that Highmark properly and timely notified the appropriate government officials of the Settlement pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. Further, more than ninety (90) days have elapsed since Highmark provided notice of the Settlement pursuant to the CAFA.

**B.** **The Motion for Final Approval of Settlement Is Granted**

6. The Court has considered the factors creating a presumption of fairness—namely, whether: the settlement negotiations occurred at arm's length; there was sufficient discovery; the proponents of litigation are experienced in similar litigation; and whether only a small fraction of the class objected. *See In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 535 (3d Cir. 2004).

7. For the reasons more fully set forth on the record at the Fairness Hearing and in briefing submitted by the Parties, the Court finds that a presumption of fairness applies because the Settlement was negotiated at arm's length; the Parties were represented by reputable counsel with substantial class action, antitrust, and complex litigation experience; there was sufficient

4

formal and informal discovery; both the Parties and counsel were knowledgeable about the facts of the case and the potential risks of continued litigation; only one Class Member objected to the Settlement; and no Class Member opted out.

8. The Court has also specifically considered the *Girsh* factors, including the complexity, expense, and likely duration of litigation; the favorable reaction of the Small Group Settlement Class; the stage of proceedings; the risks of establishing liability, damages, and class status; and the range of reasonableness of the Settlement in light of the best possible recovery and attendant risks of litigation. *See id.* at 535-38; *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975).

9. As more fully set forth on the record at the Fairness Hearing, the Court finds that these factors weigh in favor of approving the Settlement. The Settlement is fair, reasonable, adequate, and in the best interests of the Small Group Settlement Class pursuant to Federal Rule of Civil Procedure 23(e).

10. More specifically, this is an antitrust case with an already long and complex history. The issues presented involve healthcare and insurance competition, are substantial, will involve sophisticated testimony from both lay and expert witnesses, and are highly contested. Continued litigation will be significantly complex and expensive for both sides, and the Parties each would face significant risk were the case to continue: A loss for Plaintiff would mean years of complex litigation and the associated costs with no relief; a loss for Highmark—a nonprofit corporation—could result in significant monetary liability. In contrast, the Settlement provides valuable and immediate consideration to Class Members. The monetary award is an appropriate percentage of the damages alleged at this juncture in the lawsuit taking into consideration the amounts received under the previous settlement with UPMC and the favorable reaction of the Class Members to the Settlement, with only one objection and no opt outs.

11. The Settlement is in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act, the United States Constitution (including the Due Process Clause), and any other applicable law.

12. Only one objection to the Settlement was made by a Class Member, which the Court reviewed and for the reasons set forth on the record found not persuasive.

13. The Court further finds that the plan of allocation is fair, reasonable, adequate, and in the best interests of the Small Group Settlement Class pursuant to Federal Rule of Civil Procedure 23(e). The Court hereby grants final approval of the plan of allocation.

14. Accordingly, the Court hereby grants Plaintiff's and Highmark's Motion for Final Approval of Settlement. The Settlement is hereby approved in all respects, and the Parties are hereby directed to implement the Settlement to its terms and provisions and this Order.

15. The Court hereby dismisses the Action as to Highmark on the merits, with prejudice, and without taxation of fees or costs except as provided for in the Agreement.

16. The Releasing Parties, as defined in the Settlement Agreement, are hereby permanently barred and enjoined from commencing, instituting, maintaining, prosecuting or asserting, either directly or in any other capacity, in any forum any Released Claim, as defined in the Settlement Agreement, against any Released Parties, as defined in the Settlement Agreement.

17. Without affecting the finality of this Order or the accompanying Final Judgment in any way, this Court hereby retains exclusive and continuing jurisdiction as to all matters relating to administration, consummation, implementation, enforcement, and interpretation of the Settlement and this Order and accompanying Final Judgment, and for any other necessary purpose all matters ancillary thereto.

## C.     Amended Claim Form is Approved

18.     On April 28, 2020, counsel for the Settlement Class submitted a proposed amended claim form for distribution to the Settlement Class.

19.     The amended claim form makes clear that any unclaimed funds may be distributed *cy pres*. The *cy pres* distribution will be addressed in a separate order of court.

20.     In the interest of providing further information to the Settlement Class, this amended claim form is approved.

## D.     The Motion for Retention of the Certified Settlement Class

21.     The approved Settlement is between Highmark and a settlement class described in the Third Amended Complaint (Dkt. 286) as including "all persons, whether natural or fictitious, who purchased small group health insurance coverage in Western Pennsylvania from, or otherwise paid any small group plan premiums or portion thereof to, Highmark Health Insurance Co. ("HHIC") or a similar for profit subsidiary of Highmark, Inc.[1] between July 1, 2010 and March 21, 2012."

22.     This Court has already certified this Small Group Class for purposes of the UPMC settlement, finding that the Class satisfied all requisite elements of Rule 23. Dkt. 373. For all the reasons the Court granted certification of the settlement class for the UPMC settlement, it likewise confirms that the same settlement class is retained for purposes of this Settlement with Highmark.

## E.     The Motion for Award of Costs and Fees is approved.

23.     On March 12, 2020, Settlement Class Counsel filed a motion and supporting

---

[1] Highmark has represented that there are no similar for-profit subsidiaries of Highmark, Inc. Dkt. 381-2 at 40 (Highmark interrogatory response). Therefore, the Small Group Class consists solely of those who purchased small group health insurance coverage from HHIC.

materials seeking an award of fees and expenses and the award of a service payment for the class representative. Specifically, the motion sought an award that would (a) reimburse Settlement Class Counsel for the costs incurred in litigating this case from the date of the preliminary approval of the settlement with UPMC (April 6, 2016), (b) award Settlement Class Counsel a fee of 32% of the Highmark settlement amount of $7.5 million – which reflects a fee award that is substantially less than half the total lodestar devoted to litigating this case by Settlement Class Counsel since the date of the preliminary approval of the UPMC settlement (April 6, 2016), and (c) award a $7,500 service payment for class representative Cole's Wexford.

24. Having considered all the materials submitted by Settlement Class Counsel in support of their motion for fees and expenses, the Court finds that, for the reasons set forth more fully at the May 4, 2020 hearing, the requests made by Settlement Class Counsel are reasonable and fair, the costs for which they seek reimbursement were reasonable and appropriate to incur in pursuing the claims in this case, and the fee award is appropriate in light of the benefits achieved for the class and the complexity and challenges faced by Settlement Class Counsel in this case.

25. Accordingly, the Court hereby **GRANTS** the motion submitted by Settlement Class Counsel for an award of fees, the reimbursement of expenses in the amounts set forth in their motion and supporting papers, and the award of a $7,500 service payment for class representative Cole's Wexford Hotel.

**IT IS SO ORDERED**.

Dated: May 6, 2020

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Court Judge